# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

# DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 53404-5-II |
| Respondent, | |
| v. | |
| ROSS CULLEN PLUMB, | UNPUBLISHED OPINION |
| Appellant. | |

VELJACIC, J. — Ross Cullen Plumb appeals his judgment and sentence, arguing that the trial court erred when it imposed interest on nonrestitution legal financial obligations (LFOs). The State concedes that the interest accrual provision on nonrestitution LFOs should be stricken. We accept the State's concession and remand to the trial court to strike the provision imposing interest from Plumb's judgment and sentence.

## FACTS

The State charged Plumb by amended information with one count of third degree assault, and Plumb pleaded guilty. On March 13, 2019, the trial court sentenced Plumb to 60 months of confinement. The trial court found Plumb indigent, but imposed a $500 crime victim assessment fee and an interest accrual provision on nonrestitution LFOs. The trial court waived all other LFOs. The interest accrual provision stated: "The financial obligations imposed in this judgment shall bear interest from the date of the judgment until payment in full, at the rate applicable to civil judgments." Clerk's Papers at 45.

Plumb appeals his judgment and sentence.

ANALYSIS

Plumb argues that the trial court erroneously imposed interest accrual on the nonrestitution LFOs. The State concedes that the nonrestitution interest accrual provision is in error and should be stricken from Plumb's judgment and sentence. We agree with Plumb and accept the State's concession.

In 2018, the legislature amended Washington's LFO statutes to prohibit trial courts from imposing interest accrual on nonrestitution LFOs. LAWS OF 2018, ch. 269, § 1(1). These amendments apply prospectively. *State v. Ramirez*, 191 Wn.2d 732, 747, 426 P.3d 714 (2018). RCW 10.82.090(1) now provides that "[a]s of June 7, 2018, no interest shall accrue on nonrestitution legal financial obligations."

Here, Plumb's judgment and sentence was entered on March 13, 2019. The amended version of RCW 10.82.090(1) applies to Plumb because the judgment and sentence was entered after June 7, 2018. *Ramirez*, 191 Wn.2d at 747. The $500 crime victim assessment fee is a nonrestitution LFO. Because the statute prohibits interest on nonrestitution LFOs, the boilerplate provision imposing interest on all LFOs at the rate applicable to civil judgments is improper and must be stricken. RCW 10.82.090(1). We remand to the trial court to strike the interest accrual provision on nonrestitution LFOs from Plumb's judgment and sentence.

53404-5-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Veljacic, J.

We concur:

_____
Worswick, P.J.

_____
Sutton, J.